# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **MOTION FOR REVIEW AND** |
| vs. | ) | **RECONSIDERATION OF DETENTION** |
| | ) | |
| Kaycee Remone Heard, | ) | Case No. 1:20-cr-068 |
| | ) | |
| Defendant. | ) | |

The Court ordered Defendant detained following a detention hearing on June 18, 2020. (Doc. No. 176). On July 20, 2020, Defendant filed a motion requesting to be conditionally released to Teen Challenge, asserting that the structure provided by Teen Challenge would mitigate any danger to the community and risk of flight. (Doc. No. 256). The United States disagreed, emphasizing, among other things in its response, the quantities of drugs allegedly trafficked by Defendant and Defendant's lack of meaningful ties to this district. (Doc. No. 272). Finding the United States' arguments persuasive, the Court denied Defendant's motion.

> While Defendant's desire for treatment is commendable, the availability of inpatient treatment is not enough to mitigate the significant risks to community safety and future nonappearance present here. The substances allegedly involved here are highly dangerous both to Defendant and the community at large, and Defendant's failures to follow prior court orders raise significant doubts as to future compliance. Nothing in Defendant's motion overcomes the statutory presumption of detention applicable in this case. Even if the presumption were rebutted, the record as a whole shows there are no available conditions that will reasonably assure Defendant's presence at future proceedings and the safety of the community.

(Doc No. 283).

On October 21, 2020, Defendant filed a Motion for Review and Reconsideration of Detention. (Doc. No. 437). He renews his request to be released Teen Challenge. In so doing he

1

reasserts that the structure provided by Teen Challenge adequately mitigates any danger to the community or risk of flight. Additionally, he asserts that his acceptance by Teen Challenge for treatment serves to rebut the presumption of detention in this case. Third, stressing that he has now been in custody for five months with no prospect of a trial on the immediate horizon (as several of his co-defendants are still at large), he asserts that the interests of justice weigh in favor of his conditional release. Fourth, he asserts that "[i]t is unlikely that discovery has been fully provided to the Defense." (Doc. No. 438).

On November 2, 2020, the United States filed a response in opposition to Defendant's motion. (Doc. No. 467). It asserts there has been no material change in Defendant's circumstances to warrant his release. It also takes exception to Defendant's assertion that it is failing to meet it discovery obligations.

The issue presently before the court is Defendant's custodial status, not one of discovery. Should Defendant believes that the United States is withholding discovery to which he is entitled, he should file the appropriate motion.

Turning to the matter of Defendant's custodial status, the court finds there have been no material changes in his circumstances to warrant his release at this time. The court is not persuaded that the mere availability of treatment at Teen Challenge is sufficient to rebut the presumption of detention or that the particulars of Teen Challenge's program sufficiently mitigate the dangers to the community or risk of flight in this case. In any event, as it previously explained, even if the Defendant can rebut the presumption of detention, the totality of factors set forth in 18 U.S.C. § 3142(g) still weigh against release. Finally, in regards to Defendant's complaints regarding the duration of his pretrial detention, the court simply notes that Defendant has not moved for a

severance.  Accordingly, Defendant's Motion for Review and Reconsideration of Detention (Doc. No. 437) is **DENIED**.

    **IT IS SO ORDERED.**

Dated this 3rd day of November, 2020.

                                          */s/ Clare R. Hochhalter*
                                          Clare R. Hochhalter, Magistrate Judge
                                          United States District Court